[L. A. No. 6359. Department Two.—February 4, 1921.]

# W. R. CUTHBERT et al., Respondents, v. F. T. WOODMAN, Mayor, etc., et al., Appellants.

[1] STATUTORY CONSTRUCTION — DIFFERENT INTERPRETATIONS. — Every presumption is to be indulged in favor of the validity of a statute, and a court, between two permissible constructions, will always give the construction which upholds its validity.

[2] ORDINANCE—LICENSE TAX ON COLLECTION AGENCIES—LACK OF DISCRIMINATION.—A municipal ordinance imposing a license tax upon persons conducting, managing, or carrying on the business of collecting debts, claims, or demands, and known as a collection agency, is not void for the reason that it singles out for the imposition of the tax those known as a collection agency without stating by whom they shall be so known, or that it attempts to distinguish between persons known as a collection agency and those in the same line of business who are not known as a col-

lection agency, since the reasonable construction is that the ordinance was enacted to impose a license tax upon persons engaged in the business of conducting a collection agency, as contradistinguished from those who might, as an incident of their business, casually make collections.

[3] ID.—PAYMENT OF TAX—EQUAL QUARTERLY PAYMENTS.—A municipal ordinance fixing a license at one hundred dollars per annum, payable quarterly, contemplates that the payments shall be equal quarterly payments.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles S. Burnell, City Attorney, and Wm. P. Mealey, Assistant City Attorney, for Appellants.

Haas & Dunnigan for Respondents.

SLOANE, J.—The city of Los Angeles has appealed from a judgment of the superior court of the county of Los Angeles enjoining the mayor, chief of police, and members of the council of said city from enforcing section 54, and the penalties pertaining thereto, of an ordinance of the city providing for licensing and regulating certain trades, professions, and occupations.

The section in question imposes a license tax as follows: "Sec. 54. For every person, firm or corporation conducting, managing or carrying on the business of collecting debts, claims or demands and known as a collection agency, $100 per year, payable quarterly."

The judgment of the court is based upon a finding that this section of the ordinance is "unjust, unreasonable, unconstitutional, discriminating, and void," for the reason that it singles out for the imposition of the tax those "known as a collection agency" without stating by whom they shall be so known, and that it attempts to distinguish between persons known as a collection agency and those in the same line of business who are not known as a collection agency; and that said ordinance fixes a license tax for engaging in such business, of one hundred dollars per annum payable quarterly, without specifying what proportion of said one hundred dollars per annum shall be payable each quarter.

In order not to reflect too severely upon the perspicuity of Los Angeles business men, it may be conceded that the section complained of is not as free from ambiguity in its literal and grammatical construction as it might be, but in behalf of the legal acumen of Los Angeles lawmakers, we are constrained to hold that the natural and obvious meaning of the provision is not so obscure as to render it unjust, discriminating, unconstitutional, or void.

The matter at issue here is not the construction of a penal indictment or information, but the interpretation of a statute, and the law in such a case indulges every presumption in favor of the validity of the enactment.

A municipal ordinance must be very clearly obnoxious to such objections as those made, or some one of them, before it will be declared invalid by the courts. [1] Every intendment is to be indulged in favor of its validity, and a court, between two permissible constructions of a statute, will always give the construction which upholds its validity. ·If there is room for two constructions, both equally reasonable, the court must, in deference to the legislative act, adopt the construction which will give effect to the obvious legislative purpose. (*Ex parte Haskell,* 112 Cal. 412, [32 L. R. A. 527, 44 Pac. 725]; *Ex parte Anixter,* 166 Cal. 762, [138 Pac. 353]; *Grenada etc. Supervisors* v. *Brogden,* 112 U. S. 261, [28 L. Ed. 704, 5 Sup. Ct. Rep. 125, see, also, Rose's U. S. Notes]; *Golden & Co.* v. *Justice Court,* 23 Cal. App. 788, [140 Pac. 49].)

[2] Now, it is quite clear that what the city council was attempting to do in framing this section, and the thing they legitimately could do, was to impose a license tax upon persons engaged in the business of conducting a collection agency, as contradistinguished from those who might as an incident of their business casually make collections, as, for instance, lawyers or bankers, who might be subject to taxation under some other classification; and it would be a reflection upon the legislative intelligence of the council to presume that they were attempting to limit the application of this law to persons in the collection agency business, but only to those so engaged who were known either to their intimate friends or to the general public as conducting that line of business.

With these conditions in view, is it not very reasonable and logical to construe this section as though it read: "For

every person, firm or corporation managing or carrying on the business known as a collection agency, and consisting of the collection of debts, claims or demands''? There is nothing much more common in the English language than the qualification of some more or less technical or even general name or descriptive term by reference to the common designation by which it is known. The word "known" is used in this connection as synonymous with "called" or "designated." Indeed, in this instance, the words "known as a collection agency" might be rejected as surplusage, as the designation of those subject to the tax as "persons conducting the business of collecting debts, claims and demands" would sufficiently identify the particular class of business intended.

[3] The same rule of construction applies to the part of the ordinance fixing the license rate at one hundred dollars per annum "payable quarterly." The requirement as to quarterly payments is indefinite and incomplete as a matter of literal accuracy, but no intelligent person, in view of common usage, would question for a moment that the quarterly payments called for were equal quarterly payments. In any event, it is difficult to see how the complainants could be made to suffer by the ambiguity. If all they are called upon to do is to pay the one hundred dollars tax in four separate payments without the proportionate amounts of each payment being fixed, it certainly would be optional with them to divide them up into installments most convenient to them, aggregating one hundred dollars per annum.

The judgment is reversed.

Wilbur, J., and Lennon, J., concurred.