[Civ. No. 2809.   Third Appellate District.—July 28, 1925.]

## D. W. GREENE, Respondent, v. TOWN OF LAKEPORT (a Municipal Corporation), Appellant.

[1] MUNICIPAL CORPORATIONS—TREASURER OF CITY OF SIXTH CLASS—COMPENSATION—ORDINANCES—PLEADING.—A complaint by a treasurer of a city of the sixth class, organized under the Municipal Corporations Act of 1883, to recover compensation for services rendered as treasurer, is not ambiguous, uncertain, nor unintelligible, where the plaintiff, in effect, pleads that his right to compensation is based upon an ordinance of said city providing that "The treasurer, for performing the duties of his office, shall receive the fees provided by law for such service," and does not plead section 876 of the Municipal Corporations Act of 1883 which, at the time of the adoption of said ordinance, is the only law in existence, and fixes the fees of the treasurer at one per cent on all moneys received and paid by him as such treasurer.

[2] ID.—REFERENCE IN ORDINANCE TO ANOTHER LAW—PLEADING.—The reference "such fees as are provided by law" is applicable as well to municipal ordinances as to acts of the legislature, and such ordinance adopted the provisions of the statute (Municipal Corporations Act of 1883) and made them a part of the ordinance, with exactly the same effect as if they had been set out in the ordinance in the very words and figures of the adopted law; and being a matter of judicial cognizance, it was not necessary to plead the law in the complaint.

[3] ID.—MUNICIPAL CORPORATIONS ACT—AMENDMENT OF SECTION 876 IN 1903 — INTENT — EFFECT UPON EXISTING ORDINANCES. — The

---

2. Judicial notice of ordinances, notes, 11 Am. Dec. 781; 89 Am. Dec. 668; 4 L. R. A. 41. See, also, 10 Cal. Jur. 705; 15 R. C. L. 1077.

amendment of section 876 of the Municipal Corporations Act in 1903 as to a treasurer reading: "When no compensation has been allowed to him by the board of trustees, he shall be allowed" a specified compensation, was intended to cut off its allowance, when other compensation had been allowed by the trustees; and such amendment did not affect any existing ordinance adopted pursuant to section 855 of said act providing that a treasurer shall receive, at stated times, a compensation, to be fixed by ordinance by the board of trustees.

[4] ID.—COMPENSATION OF TREASURER—REPEAL OF SECTION 876, MUNICIPAL CORPORATIONS ACT—EFFECT UPON EXISTING ORDINANCE.—The repeal in 1913 of that part of section 876 of the Municipal Corporations Act pertaining to fees of the treasurer did not in any manner or at all affect a previously adopted ordinance, which provided that "The treasurer, for performing the duties of his office, shall receive the fees provided by law for such service," nor section 855 of said act, nor section 862 thereof granting the board of trustees power to pass ordinances not in conflict with the constitution and laws of this state or of the United States.

[5] ID.—ESTOPPEL.—The fact that the trustees have paid to successive treasurers official fees or salaries would not legalize unauthorized payments, nor create an estoppel against the city. Official compensation, whether fees or salary, must be duly authorized by statute.

[6] ID.—INTENT OF REPEAL OF SECTION 876, MUNICIPAL CORPORATIONS ACT.—The obvious intent of the repeal in 1913 of that part of section 876 of the Municipal Corporations Act pertaining to fees of treasurers, was to allow the compensation of such officials to be altogether in the control of the local boards of trustees.

[7] ID.—STATUTES—INTENT.—The main object of all statutory construction is to ascertain the legislative will, and as it is to be assumed that the legislature intends its acts to have effective operation, such amendments will not be construed as depriving the adopting statute of all effect, unless there is a clear necessity for such construction.

[8] ID.—COMPENSATION OF TREASURER—INTENT OF LEGISLATURE.—It was never the intent of the legislature to abolish the compensation of the treasurer.

[9] ID.—ADOPTION OF PROVISIONS OF A STATUTE BY REFERENCE.—In the adoption of one statute or ordinance the provisions of another statute or ordinance may be adopted by reference and become a part of such adopting statute or ordinance.

---

5.  See 18 Cal. Jur. 968.
7.  See 23 Cal. Jur. 725; 25 R. C. L. 960.
9.  See 23 Cal. Jur. 685; 25 R. C. L. 907.

[10] ID.—OVERRULING OF DEMURRER—APPEAL—REQUEST FOR PERMISSION TO ANSWER.—Where the defendant town failed to answer plaintiff's complaint to recover compensation as treasurer, after its demurrer was overruled, its request (made on appeal) that in the event the appellate court does not entertain the same views as it, it be given permission to answer, is too late and will be denied.

---

(1) 28 Cyc., p. 461, n. 53. (2) 28 Cyc., p. 457, n. 16 New; 36 Cyc., p. 1236, n. 31, 32. (3) 28 Cyc., p. 456, n. 10, p. 457, n. 16. (4) 28 Cyc., p. 456, n. 10. (5) 21 C. J., p. 1192, n. 20. (6) 28 Cyc., p. 456, n. 9. (7) 36 Cyc., p. 1106, n. 29, p. 1165, n. 81. (8) 28 Cyc., p. 449, n. 55. (9) 28 Cyc., p. 352, n. 48 New; ·36 Cyc., p. 970, n. 94. (10) 3 C. J., p. 794, n. 51; 28 Cyc., p. 457, n. 20, p. 459, n. 25.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge. Affirmed.·

The facts are stated in the opinion of the court.

W. H. Hazell for Appellant.

Crawford & Crawford for Respondent.

McDANIEL, J., *pro tem.*—This is an appeal from a judgment in favor of the plaintiff and respondent upon the failure of the defendant to answer plaintiff's complaint within the time allowed by law and extensions thereof granted by the court after defendant's demurrer to said complaint had been overruled. The action was brought by plaintiff to recover the sum of $957.38, alleged to be due him as and for his compensation as treasurer of the Town of Lakeport, accruing between the first day of October, 1922, and the first day of October, 1923.

The material facts alleged in the complaint may be summarized as follows: That the Town of Lakeport is and at all times mentioned in the complaint has been a municipal corporation of the sixth class, created under and by virtue of the laws of the state of California; that on the seventeenth day of May, 1892, the board of trustees of said town duly adopted Ordinance No. 56, entitled, "An ordinance to fix the compensation of officers of the Town of Lakeport, California," and section .3 of said ordinance reads as fol-

lows: ''The treasurer, for performing the duties of his office, shall receive the fees provided by law for such service''; that said quoted portion of said ordinance has never been modified, amended or repealed since its adoption; that ever since said seventeenth day of May, 1892, the said town has duly and regularly paid its treasurer one per centum of all moneys received and paid out by him as such treasurer; that the plaintiff D. W. Greene was first elected treasurer of said town and qualified and entered upon the discharge of his duties as such treasurer in the month of April, 1916, and has ever since continued to be such treasurer, and has performed all the duties of such office according to law, having been elected biennially after such first election; that his last election was in April, 1920, when he was re-elected for the term of four years, from which last-mentioned date up to the filing of the complaint he was and continued to be such treasurer; that part of his term he has been regularly paid the sum of one per cent of all moneys received and paid out by him as said treasurer, as provided by law, and the said ordinance, receiving his pay quarterly up to the first day of October, 1922, since which time, however, he has not been paid any compensation; that as such treasurer between the first day of October, 1922, and the first day of October, 1923, he received and paid out the sum of $95,738.91, upon which his compensation amounts to $957.38, no part of which has been paid, and it is now due, owing and unpaid; that the board of trustees, upon the proper presentation of plaintiff's claim in due form, rejected, disallowed and refused payment of it.

The demurrer was both general and special, the special grounds being as follows: That the complaint is ambiguous in this:

a. That it does not appear therefrom that the defendant, Town of Lakeport, ever made any provisions for the compensation of the treasurer other than section 3 of Ordinance No. 56, as set forth and pleaded in paragraph 2 of said complaint, and there is no provision therein for the payment of one per cent as compensation claimed by the plaintiff or any other compensation;

b. That it does not appear therein, nor can it be ascertained therefrom upon what grounds the claim of compensation is based other than said Ordinance No. 56;

c. That it does not appear therefrom that there now is or ever was any fee provided by law for such services. For the same reasons it is alleged to be unintelligible and uncertain.

Appellant, in support of its claim that the complaint does not state facts sufficient to constitute a cause of action, argues that the Town of Lakeport is a creature of statutory law and subject thereto and to all successive modifications and changes thereof; that there is no vested right in an officer to collect fees, but the legislature has the legal right to change or abolish such fees at will; that there is no implied contract or contractual relationship between an officer and the people; that section 876 of the Municipal Corporations Act, as originally enacted, was the only authority for paying compensation to treasurers prior to 1913, and it was amended, in the year 1913, by re-enactment with the compensation clause omitted; that as thus amended it abolished all fees formerly provided in said section; that plaintiff, having taken office in the year 1916, three years subsequent to said amendment of section 876, is not entitled to collect any compensation at all.

Appellant in argument cites many authorities. There appears, however, to be no controversy upon the most of the propositions of law discussed; the controversy herein depends more upon the proper application of the law to the admitted facts than upon its meaning or interpretation. It, therefore, will be unnecessary to comment at length upon those citations. However, with reference to the leading case which appellant contends "for all practical purposes to be on all fours with the issues in this case," to wit: *Kirk* v. *Rhodes,* 46 Cal. 398, at pages 402, 403, we believe it either is not applicable at all to the admitted facts of this case (involving, as it does, the election laws), or it is in truth an authority against appellant's contention, when measured by the evident intent of the legislature in the enactment of the several sections of the Municipal Corporations Act, which we shall proceed to examine.

The Town of Lakeport was organized under the Municipal Corporations Act of 1883 (Stats. 1883, p. 93 et seq.). Section 876 of the act, page 275, is as follows: "It shall be the duty of the treasurer to receive and safely keep all moneys which shall come into his hands as treasurer, for all of which

he shall give duplicate receipts, one of which shall be filed with the clerk. He shall pay out said money on warrants signed by the president and countersigned by the clerk, and not otherwise. He shall make quarterly settlements with the clerk. For his compensation he shall be allowed one per cent on all moneys received and paid by him as such treasurer. He may credit himself with such per cent in his settlements with the clerk. Upon each quarterly settlement he shall file a statement of his account with the clerk.''

Section 862, page 269, is as follows: ''The board of trustees of said city shall have power: first, to pass ordinances not in conflict with the Constitution and laws of this state or of the United States.''

Section 855, page 268, is as follows: ''The members of the board of trustees shall receive no compensation whatever. The clerk, treasurer, marshal and recorder shall severally receive, at stated times, a compensation, to be fixed by ordinance by the board of trustees, which compensation shall not be increased or diminished after their election, or during their several terms of office. Nothing herein contained shall be construed to prevent the board of trustees from fixing such several amounts of compensation in the first instance, during the term of office of any such officer, or after his election. The compensation of all other officers shall be fixed from time to time by the boards of trustees.''

[1] We find no ambiguity, uncertainty, nor unintelligibility in the averments of the complaint. Respondent, in precise and appropriate language, bases his cause of action upon Ordinance No. 56, which by reference fixes as the compensation of the treasurer ''such fees as are provided by law.'' [2] At that time the only law in existence which fixed the fees of the treasurer was section 876, *supra*. The reference to this law thus definitely and explicitly made is, under well-settled rules of statutory construction, applicable as well to municipal ordinances as to acts of the legislature, and adopted the provisions of the statute and made them a part of the ordinance, with exactly the same effect as if they had been set out in the ordinance in the very words and figures of the adopted law. Being a matter of judicial cognizance, it was not necessary to plead the law in the complaint.

As shown by sections 862 and 855, the board of trustees of said city has plenary power to pass ordinances not in conflict with the constitution of this state or the United States, and to fix the compensation of the named officers and to provide that their compensation shall not be increased nor diminished during their several terms of office.

Section 881 of the same act, page 278, Statutes of 1883, permits the board of trustees by ordinance to prescribe additional duties for all officers and fix their compensation. We deem this section not involved in this proceeding.

It is apparent, upon examination of the several sections above quoted that, as the law stood in 1892, there was presented a statutory situation, from which, in the event of the passage of any ordinance pursuant to section 855, different in terms as to compensation from those named in section 876, litigable questions might arise, based upon the fact that the act sets out two methods by which to compensate treasurers for official service.

Was there any real conflict between these two methods? Or was it the intention of the legislature to allow treasurers to receive and retain both kinds of compensation, that is, compensation under ordinance and also fees provided by section 876?

[3] It properly may be inferred in the light of later changes, the legislature considered those questions and found that in some municipalities of the sixth class ordinances had been adopted permitting respective treasurers to obtain compensation when they at the same time and for the same services were receiving and retaining fees specified in section 876; hence, in 1903 (Stats. 1903 p. 336) section 876 was amended as to the treasurer to read as follows: "When no compensation has been allowed to him by the board of trustees, he shall be allowed one per cent . . . " etc. The intent in amending that section was to cut off its allowance, when other compensation had been allowed by the trustees. The amendment did not affect any existing ordinance adopted pursuant to section 855.

In 1892 and thereafter until 1913, if Ordinance No. 56 had not been enacted, section 876 alone would have provided for the treasurer's compensation; but it is also true that if said section 876 had not then existed, the board of trustees had plenary power under sections 862 and 855 to

adopt an ordinance fixing compensation in the exact language of section 876.

As sections 855 and 876 both related to compensation for treasurers, the board of trustees passed Ordinance No. 56 in its existing form, thereby avoiding any and all conflict which perhaps would have existed with a different measure of compensation. It thus reconciled the two sections, which thereafter were concurrently operative until 1913.

Unquestionably under the facts stated in the complaint the compensation of the treasurer of Lakeport after the amendment of 1913 was paid in accordance with Ordinance No. 56 alone. This was done without violating any law or being in conflict with the constitution of this state or of the United States. [4] The repeal in 1913 of the part of section 876 pertaining to fees did not in any manner or at all affect Ordinance No. 56 nor section 855. In as far as treasurers are concerned, section 855 has never been amended nor repealed.

We agree with appellant that no question of equitable estoppel is in this case. [5] The fact that the trustees have paid to successive treasurers official fees or salaries would not legalize unauthorized payments, nor create an estoppel against appellant. Official compensation, whether fees or salary, must be duly authorized by statute. In this case, as indicated, we think such statutory authority existed in said Ordinance No. 56.

In the year 1913 the legislature discovered that following the amendment of 1903, the provision in section 876 for the compensation of treasurers had become superfluous and might well be eliminated; therefore, it re-enacted said section with that provision omitted. Appellant argues that this amendment repealed all laws for the payment of compensation of treasurers in municipalities of the sixth class, but the argument is not sound because sections 855 and 862, with respect to the pay of treasurers, were not amended nor in anywise affected. [6] The obvious intent was to allow the compensation of such officials to be altogether in the control of the local boards of trustees. The amendments were wise because they did away with uncertainty, confusion and vexatious opportunities for litigation, eliminated the dual method where one would suf-

fice, and avoided the possibility of double compensation for single service.

[7] "The main object of all statutory construction is to ascertain the legislative will, and as it is to be assumed that the legislature intends its acts to have effective operation, such amendments will not be construed as depriving the adopting statute of all effect, unless there is a clear necessity for such construction." (*Ramish* v. *Hartwell,* 126 Cal. 443 [58 Pac. 920]; *Cuthbert* v. *Woodman,* 185 Cal. 43 [195 Pac. 673].)

[8] It was never the intent of the legislature to abolish the compensation of the treasurer. (*DeMerritt* v. *Weldon,* 154 Cal. 545 [16 Ann. Cas. 955, 98 Pac. 537].)

[9] The principle is well settled that in the adoption of one statute or ordinance the provisions of another statute or ordinance may be adopted by reference and become a part of such adopting statute or ordinance. (*Don* v. *Pfister,* 172 Cal. 25 [155 Pac. 60]; *People* v. *Whipple No. 2,* 47 Cal. 592; *Ramish* v. *Hartwell, supra; Kendall* v. *United States,* 12 Pet. 524 [9 L. Ed. 1181, see, also, Rose's U. S. Notes]; *Ex parte Humphrey,* 64 Cal. App. 572, [222 Pac. 366]; *In re Pfahler,* 150 Cal. 71 [11 Ann. Cas. 911, 11 L. R. A. (N. S.) 1092, 88 Pac. 270]; *Buck* v. *Eureka,* 109 Cal. 504 [30 L. R. A. 409, 42 Pac. 243]; *Cavanagh* v. *Shaver,* 56 Cal. App. 758 [207 Pac. 275].)

The fallacy of appellant's whole argument lies in its erroneous hypothesis that the treasurers of Lakeport at all times since 1892 have received official compensation pursuant to section 876 until the year of 1913, and thereafter without any authority of law; whereas, in fact, they have received compensation pursuant to the real provisions of Ordinance No. 56. That ordinance having been in effect during all of respondent's incumbency has been the source of his right to payment for his official work.

It, therefore, is certain that the trial court's order overruling the demurrer was correct and should be sustained.

[10] Counsel for appellant suggests if we do not entertain the same views as appellant, that it be given permission to file an answer to the complaint so that certain questions of fact may be put in issue and adjudicated. It is also stated that in the month of April, 1923, the trustees of Lakeport, by Ordinance No.

183, amended said section 3 of said Ordinance No. 56 to read as follows: "The treasurer, for performing the duties of his office, shall receive as salary the sum of $120 per annum." If that be one of the matters of fact appellant wishes to present in an answer, we cannot see that it could be of any avail, if pleaded herein, for section 855, *supra*, does not permit the treasurer's compensation to be increased or diminished after his election or during his term of office. We cannot adopt the suggestion of appellant. It had opportunity to answer and refused to do so. To have preserved all its rights and presented all the objections urged upon this appeal, it readily might have had a bill of exceptions settled and allowed reserving those matters and then have answered. It did not choose to follow that course and the request now for permission to answer is too late and is denied.

We see no reason why the judgment should be disturbed and it therefore is affirmed.

Finch, P. J., and Plummer, J., concurred.