[Civ. No. 1996.   Fourth Appellate District.—December 10, 1936.]

LOS ANGELES GAS AND ELECTRIC CORPORATION
(a Corporation), Petitioner, v. THE CITY COUNCIL
OF THE CITY OF SEAL BEACH (a Municipal Cor-
poration) et al., Respondents.

LeRoy M. Edwards and Samuel Poorman, Jr., for Peti-
tioner.

Burr A. Brown, City Attorney, for Respondents.

BARNARD, P. J.—In this proceeding the petitioner seeks to compel the respondents to revise a tax levy for the fiscal year 1936–1937, which is claimed to be in excess of that permitted by the act of June 25, 1935, imposing a limitation on expenditures by cities and other political subdivisions (Stats. 1935, p. 1254).

The petitioner alleges that the respondent city council on August 6, 1936, acting under an appropriate ordinance of the City of Seal Beach, adopted a budget for said city for the fiscal year 1936–1937 and thereby appropriated the several sums therein set forth to the respective purposes and departments of said city; that an ordinance is being prepared and will be adopted levying upon the assessed valuation of the property in said city a rate of taxation upon each $100 of valuation sufficient to raise the amount set forth in said budget less the estimated amount of other receipts; that the expenditures provided for in this budget and upon which the tax levy will be based, exclusive of expenditures specifically excluded from consideration by the provisions of the 1935 act referred to, exceed by more than 5 per cent the expenditures of the immediately preceding fiscal year; that said excess has not been authorized by a majority vote of the electors of said city or by the state board of equalization; that the allowable expenditures of said city for the fiscal year 1936–1937 for all purposes subject to the limitation prescribed by the act amount to $31,819.49; and that the proposed expenditure appropriations of said city for said fiscal year, for these purposes, amount to $39,335. The prayer is for a writ of mandate commanding the respondents, in preparing and adopting any ordinance levying a tax on real and personal property for said city for the ensuing fiscal year, (1) to omit from said expenditure appropriations for said fiscal year (exclusive of expenditures exempted from consideration by the terms of the act) the sum of $7,515.51, being the excess of the proposed expenditure appropriations over the allowable expenditures for the ensuing fiscal year; and (2) to omit from said ordinance any tax rate which would produce any aggregate sum in excess of the total amount of the expenditures that, under the limitations of the act referred to, may be lawfully made by said city for the fiscal year 1936–1937.

An alternative writ was issued in accordance with the prayer of the petition. From the amended answer and return filed by the respondents it appears that, following the service of the writ and in an attempt to comply therewith, the original tentative budget which proposed $40,535 for general operating expense was amended by eliminating therefrom certain items which total $9,500. The amended budget calling for $31,035 for general fund purposes was adopted and an ordinance passed fixing the tax rate at $1.20 upon each $100 of taxable property within said city as being necessary to raise the amount required.

The petitioner concedes that the allowable amount of expenditures for general fund purposes for the ensuing year, under the terms of the act, is $31,819.49. The amount now sought to be raised for such purposes, $31,035, is within this limit. It therefore appears that the respondents have complied with the first of the orders set forth in the alternative writ.

The petitioner contends, however, that the second order has not been complied with for the reason that one item included in the budget finally adopted, and in the tax levy, does not come within any of the exceptions provided for in the 1935 act, and that the amount thus to be raised should be added to the $31,035 covering items admittedly within the limitations provided by the act which, if done, would raise the amount of expenditures subject to the provisions of the act to an amount in excess of the 5 per cent increase permitted thereby. In making the tax levy under the budget as finally adopted and in apportioning and fixing the rate for various purposes the respondent council included a levy of ten cents on each $100 of taxable property for the ''deficiency bond fund under the 1915 act'', the same being allocated to fourteen improvement districts. It is petitioner's contention that the amount to be raised from this particular levy does not come within any of the exceptions contained in the 1935 act and that this sum must be included in the amount of expenditures subject to the 5 per cent limitation contained in the act.

While there is some variance in the figures used by the respective parties hereto, this difference has been waived by the petitioner, and the entire controversy, as here submitted, is as to whether the amount to be raised by this

ten-cent levy for deficiency bond fund purposes should be included in that part of the expenditures which is subject to the 5 per cent limitation. The petitioner argues that under the Improvement Bond Act of 1915 (Stats. 1915, p. 1441, Deering's Gen. Laws, 1931, Act 8209) the city may be a purchaser at any delinquent sale, that in the event the city elects to purchase any of the land sold at delinquent sale it does not pay the bond but is merely required to pay into the redemption fund the amount of the delinquent assessment, that the city council may and if demanded by the tax collector must, in levying the annual tax for municipal purposes, levy a special tax for the purpose of paying for the lands purchased or to be purchased at such tax sales, that the special tax thus contemplated is not a tax to pay an improvement bond but is a tax to pay for lands purchased or to be purchased at tax sales and, therefore, that such a tax for the purpose of creating such a redemption fund does not come within the exception, contained in the act of 1935, of "expenditures to pay interest and redemption charges on bonds".

In discussing this limitation, as originally imposed by section 20 of article XI of the Constitution, the court in *Holmes Invest. Co.* v. *Board of Supervisors,* 1 Cal. (2d) 482 [35 Pac. (2d) 542], said: "It seems, generally speaking, that fixed obligations are excluded and obligations of varying amounts for current items are affected by the restriction." While it seems clear that the intent of the act was to limit the amount to be raised by taxation to a stipulated increase over the corresponding amount for the next preceding year it seems equally clear that it was the intention of the legislature to limit only that part of the amount to be raised which was within the control and discretion of the body fixing the amount to be raised. This clearly appears from the exceptions contained in the act including "other than expenditures to pay interest and redemption charges on bonds heretofore or hereafter issued" and "or to any additional expenditures . . . made necessary by legislative action". Where lands have been purchased at delinquent sale under the provisions of the 1915 bond act the city council is required to levy a special tax and to pay the proceeds into a redemption fund which ultimately goes to pay bonds which have been issued. If a city council refuses

to make this levy it will be compelled to do so (*American Co.* v. *City of Lakeport,* 220 Cal. 548 [32 Pac. (2d) 622]; *Southern California Roads Co.* v. *San Luis Obispo County,* 4 Cal. (2d) 220 [48 Pac. (2d) 34]; *Union Safe Deposit Bank* v. *Menlo Park,* 3 Cal. (2d) 264 [43 Pac. (2d) 811]; *Thompson* v. *City of La Mesa,* 9 Cal. App. (2d) 542 [50 Pac. (2d) 504]). It would be a strange situation if a city could be compelled through *mandamus* proceedings to levy the tax thus required and at the same time could be ordered by the same or another court not to make the levy because it would result in an increase in taxes in excess of the 5 per cent permitted by the 1935 act. If we assume without holding that the levy contemplated by this provision of the 1915 bond act might technically be said to take the form of establishing a fund for the purchase of real property rather than being for the purpose of directly paying bonds which have been issued, the result is the same and the effect is identical in so far as the purpose of the 1935 act is concerned. Regardless of whether the bonds are paid directly or indirectly the tax must be levied, and the matter is not within the control or discretion of the tax-levying body.

If the item of expenditure here in question was not intended by the legislature to be included in the exception covering expenditures to pay interest and redemption charges on bonds issued, it certainly is included in the other exception, expenditures made necessary by legislative action. In *American Co.* v. *City of Lakeport, supra,* in considering the effect of a debt limitation provision of the Constitution upon the deficiency bond fund required by the 1915 Improvement Bond Act the court said:

" 'Article XI, section 18, of the Constitution, prohibits a city from incurring "any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors . . . " It is contended that the liability imposed by sections 12 and 16 of the act is violative of this provision. The answer to this objection has already been given in several prior decisions in this state, and it is briefly, first, that the constitutional provision does not apply to an obligation or liability imposed by law

as distinguished from one incurred voluntarily by the munihecipality; . . .

" 'That the present obligation to feed the bond redemption fund by taxes is not voluntary, but imposed by statute, seems too clear for dispute.' "

So far as appears the deficiency bond fund here in question related to lands which had been already purchased at delinquent sale by the city of Seal Beach, and the levy therefor was a necessary one. Under such circumstances, under the act of 1915, the city was required to levy the assessment and in a very real sense the expenditure was made necessary by the action of the legislature in adopting the 1915 act. In our opinion the item in question, being one imposed upon the city by statute and with respect to which the council was not at liberty to exercise its discretion, is not included within either the letter or the spirit of the limitation imposed by the 1935 act.

A rehearing was granted herein to give consideration to petitioner's contention that a constitutional question mentioned in argument but not raised in the briefs had been overlooked in our opinion, a "course to which we were impelled by the simplicity and obviousness of the point itself".

It is argued that the clause "expenditures made necessary by legislative action" constitutes a new exception added by the 1935 act to the terms of the original limitation on a city's taxing power which was imposed by section 20 of article XI of the Constitution (Stats. 1933, p. lvii) ; that by the terms of that constitutional amendment the limitations thereof were effective only until June 30, 1935, but that the amendment itself provided that "the Legislature may impose thereafter the same limitations for such period or periods as it may determine"; that the legislature was thus authorized to extend the *same* limitations contained in the constitutional amendment but not to alter them in any respect; and that it follows that the new exception contained in the 1935 act, "expenditures made necessary by legislative action", is unconstitutional and void.

It seems clear to us that the authority thus given the legislature by this constitutional amendment is a grant of power rather than a limitation of power. In any event the legislature was thereby authorized to impose all of the

limitation on the city's taxing power which had been imposed by the amendment. By increasing the exceptions, if it did, the 1935 act imposed a less limitation upon the taxing power or, in other words, it extended a part only of the limitations imposed by the amendment. Assuming that the legislature could not exceed the power thus given by placing a limitation on the taxing power in excess of that imposed by the amendment itself, we see nothing to prevent its exercising a part of the power conferred by extending a part of the limitations for a given time. It is our duty to hold an act of the legislature constitutional when possible, and, in our opinion, the clause of the 1935 act referred to is not unconstitutional merely because, by including it in the act, the legislature used only a part of the power conferred upon it by the amendment.

If, on the other hand, the legislature could not extend a part of the limitations prescribed by section 20 of article XI without extending the same in their entirety, it must follow that these limitations have not been extended at all, and no grounds exist for the issuance of the writ here sought.

In an amendment to its petition for a rehearing the petitioner raised another point which had not theretofore been suggested. We give this no consideration both because it was raised too late and because a decision thereon necessarily involves matters and facts which are not disclosed by the record before us.

The alternative writ is discharged and the application for a peremptory writ is denied.

Marks, J., and Jennings, J., concurred.