[Civ. No. 32773.    Second Dist., Div. Three.    Nov. 20, 1968.]

ERMA H. SAUNDERS et al., Plaintiffs and Appellants, **v.**
GLADYS B. CARR, as Councilman, etc., et al., Defend-
ants and Respondents.

Ardy V. Barton for Plaintiffs and Appellants.

Wilson, Jones, Morton & Lynch, Robert G. Auwbrey and Ernest A. Wilson for Defendants and Respondents.

MOSS, J.—Plaintiffs appeal from a judgment of dismissal of their action for declaratory relief against the City of Santa Barbara, the members of the city council of that city and the members of the Off-Street Parking Commission. By their action plaintiffs seek to have declared invalid and unconstitutional certain provisions of an assessment district off-street parking procedure ordinance passed by the council. The judgment of dismissal followed an order of the court sustaining the defendants' general demurrer without leave to amend and granting their motion to dismiss. We have concluded that the judgment should be modified in form to decree expressly that plaintiffs are not entitled to the declarations in their favor which they seek and, as so modified, affirmed.

*The Complaint.*

The pertinent allegations of the complaint may be summarized as follows: plaintiffs are property owners and taxpayers in the City of Santa Barbara and except for two of them do not own property within Parking Lot Districts Nos. 1 and 2; on May 31, 1961, the city council adopted ordinance number 2826, which was captioned in part: ''An Ordinance of the

City of Santa Barbara Relating to Vehicle Off-Street Parking Districts Within the City of Santa Barbara . . ."; section 1 of ordinace 2826 provides for the formation of parking assessment districts for the acquisition of parking places and for the issuance of bonds to pay the costs thereof and concludes with the provision that "the Parking Commission shall have the powers, jurisdiction and authority, all as now or hereafter provided in The Parking District Law of 1951 (herein called Act), excepting as hereinafter otherwise provided"; section 16 of ordinance 2826 provides: "Bonds, Source of Payment. Any bonds issued hereunder, and the interest thereof, shall be payable from annual ad valorem assessments levied upon the taxable real property within the district and the limitations upon the rate or period thereof provided in the Act shall not apply. The bonds may also be payable from on and off-street parking revenues"; on August 16, 1966, by ordinance number 3169 the city council amended ordinance 2826 by adding thereto section 16A, which provides that the provisions in the Improvement Bond Act of 1915 relating to sales for delinquency as set forth in sections 8800 to 8809 of the Streets and Highways Code[1] shall apply to assessments levied under ordinance 2826; the city has already authorized the sale of more than one million dollars' worth of bonds to improve Parking District No. 1 and proposes to authorize the sale of additional bonds to improve Parking District No. 2.

The complaint then asserts plaintiffs' contention "that the issuance of said bonds is and will be illegal and void" upon various grounds, which may be summarized as follows:[2] The supplemental levy provisions added to ordinance 2826 by ordinance 3169 violate (1) the debt limitation provisions of article XI section 18 of the California Constitution, which prohibits a city from incurring any "indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors . . . ."; (2) the tax-rate limitation provisions found in section 1207 of the city charter, which provide that the city "shall not levy a property tax for municipal purposes in excess of One Dollar annually on each One Hundred Dollars of the assessed value of

[1]All statutory references are to the Streets and Highways Code unless otherwise specified.

[2]Our summary is taken from the statement of contentions in the complaint as explained and developed in plaintiffs' points and authorities in opposition to defendants' motion to dismiss and demurrer and in their brief on appeal.

taxable property in the City . . . unless authorized by the affirmative votes of a majority of the electors . . .'';[3] (3) section 35411, which prohibits the assessment of properties outside the district; (4) the due process clause of the Fourteenth Amendment to the United States Constitution by (a) forcing property owners not within the district to pay a special tax as provided in section 8809 for the purpose of providing funds for the purchase by the city of land at foreclosure sales and the payment by the city of delinquent installments of interest and taxes pending redemption of the lands so purchased, and (b) imposing an obligation on property outside the district without affording notice to the owners thereof of the proceedings which gave rise to the obligation; (5) article IV section 31 of the California Constitution, which prohibits gifts of public funds. Plaintiffs also contend that ordinance 2826 is invalid because it gives the parking districts the power to condemn property for a private use and because section 23 thereof relating to management and control of surplus space is ambiguous.

Plaintiffs pray for a judgment declaring that ordinance 2826 as amended ''is invalid and unconstitutional,'' that the bonds issued thereunder are void, and that properties outside the boundaries of Parking Districts Nos. 1 and 2 are ''not subject to taxation for the purpose of paying the bonds issued for said districts.''

*The Motion to Dismiss.*

■ The motion to dismiss was made on the ground that the action was barred by section 35276. The portion of that section upon which reliance was placed is as follows: ''No action, proceeding or defense to correct, set aside, cancel, avoid, annul or otherwise attack any proceedings under this part *up to and including the adoption of the ordinance*

---

[3]The pertinent portions of section 1207 are: ''(a) The City Council shall not levy a property tax for municipal purposes in excess of One Dollar annually on each One Hundred Dollars of the assessed value of taxable property in the City, except as otherwise provided in this Section, unless authorized by the affirmative votes of a majority of the electors voting on a proposition to increase such levy at any election at which the question of such additional levy for municipal purposes is submitted to the electors. The number of years that such additional levy is to be made shall be specified in such proposition. . . . (b) There shall be levied and collected at the same time and in the same manner as other property taxes for municipal purposes are levied and collected, as additional taxes not subject to the above limitation, if no other provision for payment thereof is made: 1. A tax sufficient to meet all liabilities of the City for principal and interest on all bonds and judgments due and unpaid, or to become due during the ensuing fiscal year, which constitute general obligations of the City.'' (Stats. 1967, reg. sess., ch. 91, pp. 4648-4649.)

*declaring the district formed* shall be maintained by any person unless such action, proceeding or defense is commenced or made within 30 days after the adoption of such ordinance.'' (Italics added.) In support of the motion a declaration of one of the counsel for the defendants was filed wherein it was set forth that a resolution ordering the formation of Parking District No. 1 was adopted by the city council on March 19, 1963. In like manner it was shown that a resolution ordering the formation of Parking District No. 2 was adopted by the city council on November 15, 1966. The action was commenced on July 25, 1967. Defendants argue that since both parking districts were ''declared formed'' long before the commencement of the action, dismissal under section 35276 was proper. We disagree for two reasons.

First, plaintiffs contend as one ground of invalidity of the bonds that the supplemental levy provisions added to the ordinance by section 16A conflict with section 1207 of the city charter. Section 1207 is part of the new Charter of the City of Santa Barbara, which became effective on June 1, 1967 (Final Calendar of Legislative Business, 1967 sessions, p. 432), and thus became the law of the city on that date. (Cal. Const., art. XI, § 8, subd. (g).) Insofar as this contention is concerned plaintiffs are not attacking proceedings prior to the adoption of the ordinances ''declaring the district formed'' but are asserting the effect of a later legislative event, the adoption of the new charter. They were entitled to a hearing on the merits of this contention.

Second, section 35276 is more than a statute of limitations. When coupled with section 35264, which declares that the decision of the local legislative body ''shall be final and conclusive,'' it has the effect of a curative statute whose purpose is to validate all proceedings not challenged within 30 days after adoption of the ordinance declaring the district formed. It is well established that ''a curative statute may validate all defects in proceedings except those which have resulted in violation of constitutional rights'' (*Hoffman* v. *City of Red Bluff,* 63 Cal.2d 584, 592 [47 Cal.Rptr. 553, 407 P.2d 857]), including the right to ''sufficient notice and opportunity for the hearing and determination of grievances and objections to constitute due process of law.'' (*Chase* v. *Trout,* 146 Cal. 350, 360-361 [80 P. 81].) One of plaintiffs' contentions is that those of their number who own property located outside the parking districts did not receive proper notice of the proceedings pursuant to which their

property became subject to supplemental tax levies. By this contention plaintiffs asserted a defect in the proceedings which, if they were entitled to notice, resulted in an alleged violation of their right to due process of law. Thus, in order to determine whether the action was barred by section 35276 the court had first to decide whether plaintiffs were entitled to notice. This decision in turn required consideration by the court of plaintiffs' contentions that the ordinance is in conflict with the California Constitution and the city charter. Therefore the trial court committed error in granting the motion to dismiss without giving consideration to these issues.

*The General Demurrer.*

Plaintiffs' contentions concerning the invalidity of section 16A of the ordinance are premised upon a misunderstanding of the nature of the sale for delinquency provisions embodied in sections 8800 to 8809 and of the rules of construction applicable to city charters.

The Parking District Law of 1951 which the city adopted by reference in ordinance 2826[4] provides that the bonds issued thereunder are payable solely from parking revenues produced by the districts and assessments on land within the districts. (§§ 35411, 35450 et seq.) Sections 8800 to 8809 inclusive, which the city adopted by reference in ordinance 3169, make the taxing power of the city available to the extent stated therein for the payment of delinquent special street assessments. Section 8800 provides that upon default in the payment of any assessment the land securing such assessment shall be sold and be subject to redemption in the same manner as land in the city is sold and subject to redemption for the nonpayment of general city taxes. If the city becomes the purchaser at any delinquent sale "it shall pay and transfer into the redemption fund the amount of the delinquent assessment and of the delinquent interest for which the property is sold." (§ 8802.) When there are no available funds in the city treasury with which to pay for property purchased at the delinquent sale the tax collector shall make demand upon the city council "that a suitable amount be included in the next tax levy for the purpose of providing funds with which to make such payment." (§ 8804.) The city council shall "levy

---

[4]The effect of the adoption by reference of statutory provisions is the same as in the case where such provisions are set forth at length in the ordinance. (*Vallejo etc. R.R. Co.* v. *Reed Orchard Co.*, 177 Cal. 249, 254 [170 P. 426]; *Greene* v. *Town of Lakeport*, 74 Cal.App. 1, 9 [239 P. 702]; *Gadd* v. *McGuire*, 69 Cal.App. 347, 369 [231 P. 754]; 45 Cal. Jur.2d, Statutes, § 67, pp. 588-589.)

a special tax" for the purpose of paying for lands "purchased or to be purchased" at such tax sales "but not to exceed for each local improvement ten cents ($0.10 on each one hundred dollars ($100) of assessable property in any one year. Such special tax shall be in addition to all other taxes levied for city purposes. . . ." (§ 8809.)

Each of plaintiffs' contentions respecting the unconstitutionality of section 16A of the amended ordinance was answered in *American Co.* v. *City of Lakeport*, 220 Cal. 548 [32 P.2d 622]. There the court considered sections 12 and 16 of the Improvement Bond Act of 1915, whose provisions are presently embodied without material change insofar as this case is concerned in sections 8800 through 8809 of the Streets and Highways Code.

These sections do not conflict with the debt limitation provisions of article XI section 18 of the California Constitution because (1) the obligation to feed the redemption fund by taxes is not voluntary, but imposed by statute (220 Cal. at p. 558) and article XI section 18 "does not apply to an obligation or liability imposed by law as distinguished from one incurred voluntarily by the municipality," (220 Cal. at p. 557) and (2) the liability under these sections "is not direct, but dependent on several *contingencies,* namely, that the assessment become delinquent; that no person appear at the sale to purchase the property; and that the owner fail to redeem it after sale" and "the inhibitions of the constitutional debt limit do not apply to contingent obligations." (220 Cal. at p. 557.)

Plaintiffs rely principally on *City of Palm Springs* v. *Ringwald.* 52 Cal.2d 620 [342 P.2d 898], in which a proposal by the city to pledge future sales and use tax revenue of the city as a trust fund to finance a parking district was held to violate article XI section 18 of the California Constitution. That case is distinguishable because there, unlike the case before us, the City of Palm Springs voluntarily undertook to pledge future sales and use tax revenues to pay the parking district bonds, regardless of the need for such additional revenues, and because the liability which the city proposed to create was direct and not contingent.

The special tax levy provided for in section 8809 does not constitute a denial of due process of law in violation of the Fourteenth Amendment to the United States Constitution because it is not a special assessment imposed upon the basis of special benefit, but a tax imposed without regard to benefits

received. "[W]here a general tax is levied to meet delinquencies in assessments for local improvements, there is no necessity for notice and hearing." (*American Co.* v. *City of Lakeport, supra,* 220 Cal. at p. 560.) The Supreme Court stated the underlying principle as follows: "[W]here public improvements of the character under consideration could be made by the use of ordinary funds derived from general taxation, without notice and hearing as to individual benefits resulting therefrom, deficiencies in any fund raised by local assessments may likewise be met by general taxation. It should be noted, also, that the method employed by our statute is in effect an *advancement* of funds, which the city may normally be expected to recover upon resale of the lands secured at the delinquent sales." (220 Cal. at p. 562.)

Plaintiffs contend, as did the respondents in *American Co.* v. *City of Lakeport,* that if the city is compelled to pay delinquent assessments it will thereby make a gift of public funds to private bondholders. The Supreme Court answered this contention as follows: "This precise question was considered by us in *Stege* v. *City of Richmond,* 194 Cal. 305 [228 P. 461] and we there said (194 Cal. 318): 'The argument assumes that in the improvement of the streets the work is a private matter. On the contrary, such work is for a public purpose. The city might have expended its general funds for the purpose.' It is well settled that funds directed toward a public purpose are not within the constitutional prohibition merely because of incidental benefits to individuals." (220 Cal. at p. 556.)

Plaintiffs contend that section 8809, which provides for a special tax levy to pay delinquent assessments where other funds are not available in the city treasury for that purpose, is limited by section 1207 of the charter of the City of Santa Barbara which limits the amount of property taxes which the city can levy "for municipal purposes." (See footnote 3.) In making this contention, plaintiffs misconstrue the charter.

Under the general powers granted to the city by its charter the city has the power to create and issue bonds for municipal improvements (Gov. Code, tit. 4, div. 4, ch 4, art. 1) and to adopt with respect to such bonds the supplemental levy procedures specified in sections 8800 through 8809.[5] (Gov. Code,

[5]The charter provides: "Section 400. Powers of City. The City shall have the power to make and enforce all laws and regulations in respect to municipal affairs, subject only to such restrictions and limitations as may be provided in this Charter or in the Constitution of the State of

§ 43240[6]; see *City of Santa Monica* v. *Grubb*, 245 Cal.App.2d 718, 722-725 [54 Cal.Rptr. 210].) Where lands have been purchased at delinquent sale under the provisions of section 8802, the city council is obligated to levy a special tax to the extent specified in section 8809 and to pay the proceeds into a redemption fund (section 8806) which ultimately goes to pay delinquent assessments and interest on bonds which have been issued. The power to tax for municipal improvements and the power to tax for general municipal purposes are separate and distinct powers. (*City of Grass Valley* v. *Walkinshaw*, 34 Cal. 2d 595, 600, 602 [212 P.2d 894].) Section 1207 of the charter *expressly* limits the power of the city to levy a property tax "for municipal purposes." Under the controlling rule of charter construction which holds that "a restriction on the exercise of municipal power may not be implied" (*City of Grass Valley* v. *Walkinshaw, supra,* 34 Cal.2d 595, 599) it cannot be *implied* that section 1207 was intended also to limit the power of the city to levy a tax to discharge its obligation to pay delinquent assessments and interest on improvement bonds issued by parking districts located in the city to the extent required by sections 8800 to 8809. (See *Los Angeles Gas & Elec. Corp.* v. *City Council of City of Seal Beach,* 18 Cal.App.2d 97 [63 P.2d 326].) In the *Seal Beach* case there was a general law applicable to the city which limited expenditures in any year to not more than five percent over those of the previous year other than to pay interest and redemption charges on bonds heretofore or thereafter issued. In holding that this limitation did not restrict the power of the city to levy a special tax under the supplemental levy provisions of the 1915 Act the court stated: "While it seems clear that the

California. It shall also have the power to exercise any and all rights, privileges and powers, including proprietary powers, heretofore or hereafter established, granted or prescribed by any law of the State, by this Charter, or by other lawful authority, or which a municipal corporation might or could exercise under the Constitution of the State of California, subject to such restrictions and limitations as may be contained in this Charter.

"The enumeration in this Charter of any particular power shall not be held to be exclusive of, or any limitation upon, the generality of the foregoing provisions.

"Section 401. PROCEDURES. The City shall have the power to and may act pursuant to any procedure established by any law of the State, unless a different procedure is required by this Charter."

[6]Section 43240 provides: "A chartered city may provide, in a special assessment improvement procedure ordinance adopted pursuant to its charter, for the application of the supplemental remedy provisions of Part 13 (commencing with Section 8800) of Division 10 of the Streets and Highways Code."

intent of the act was to limit the amount to be raised by taxation to a stipulated increase over the corresponding amount for the next preceding year it seems equally clear that it was the intention of the legislature to limit only that part of the amount to be raised which was within the control and discretion of the body fixing the amount to be raised." (18 Cal.App.2d at p. 100.) In line with the thinking of the court in the *Seal Beach* case, the court in *Walkinshaw* observed that the limitation in the charter on the power to tax for general purposes "was intended to curb extravagance in the exercise of the discretionary power to tax for general municipal purposes but was not intended to prevent the exercise of the taxing power for the purpose of discharging a bonded indebtedness duly authorized by the electorate. . . ." (34 Cal.2d 595, 602.)

*Walkinshaw* is not distinguished from this case by the fact that the special tax there considered was to be levied for the purpose of paying principal and interest on general obligation bonds of the city, whereas here we are concerned with the power to tax to pay delinquency assessments and interest on bonds issued by an improvement district in the city. The significant fact common to both cases is that the special tax which the city proposes to levy is to discharge an obligation previously incurred pursuant to the power of the city to contract for bonded indebtedness rather than to pay current obligations voluntarily assumed by the city.

No implication to the contrary can be derived from the fact that section 3(a) of the city charter as it existed prior to 1967 expressly excluded "special taxes" from the annual tax rate limitation,[7] because as we have explained, "in construing the city's charter a restriction on the exercise of municipal power may not be implied." (*City of Grass Valley* v. *Walkinshaw, supra,* 34 Cal.2d 595, 599; *City of Glendale* v. *Trondsen,* 48 Cal.2d 93, 99 [308 P.2d 1].)

Because of the construction we have placed upon section 1207 of the city charter we deem it unnecessary to discuss defendants' contention that the former charter, not the 1967

---

[7]The limitation provision in the former charter reads: "Section 3. The rights and powers granted by this charter shall be subject to the restrictions set forth in this section, or elsewhere in this charter.

"(a) The annual tax rate for all municipal purposes other than for the payment of the principal and interest of municipal bonds, district bonds *or special taxes,* shall not exceed in any one year one dollar on each One Hundred Dollars of the assessed value of the property in the city according to the assessment of such year." (Italics added.) (Stats. 1927, ch. 14, p. 2067.)

charter, governs the assessment proceedings here involved. In a letter filed with the court after oral argument, counsel for plaintiffs concedes the correctness of defendants' position on this point, but then asserts that defendants are in violation of section 122 of the former charter, which provides: ''Whenever the Council shall determine that the public interest demands an expenditure for municipal purposes which cannot be provided for out of the ordinary revenues of the city, it may submit to the qualified voters at a regular or special election a proposition to provide for such expenditure, either by the levy of a special tax or by the issue of bonds, but no special tax shall be levied, nor any such bonds issued unless authorized by the affirmative votes of two-thirds of the electors voting on such proposition at such election; provided, however, that no bonds shall be issued to meet current expenses.'' Plaintiffs purport to find in the language of section 122 a limitation on the power of the city to levy taxes to pay delinquent parking district assessments. However, such a limitation is not expressed and, as we have seen, may not be implied.

Plaintiffs' contention that ordinance 2826 is invalid because it gives to the parking districts the power to condemn property for private use assumes incorrectly that the formation of a parking district is a private matter. On the contrary, such work is for a public purpose even though it may incidentally benefit individuals in or near the district. (See *Stege* v. *City of Richmond, supra,* 194 Cal. 305, 318.)

Plaintiffs' remaining contentions are supported by neither argument nor authority and therefore may be deemed to have been abandoned. (*Bradley* v. *Butchart,* 217 Cal. 731, 747 [20 P.2d 693]; *Woodcock* v. *Petrol Corp.,* 48 Cal.App.2d 652, 657 [120 P.2d 889].) Nevertheless, to foreclose uncertainty in the administration of the parking districts we comment upon plaintiffs' contention that section 23 of ordinance 2826 is ambiguous because it cannot be ascertained what is meant by the language therein, ''Neither the commission nor the Council shall manage or operate surplus space devoted to. . . .'' The text of section 23 is set forth in the margin.[8] The second

---

[8]''SECTION 23. INCIDENTAL USE. As an incident to the operation of any parking facility, the City may devote a portion of its property to uses such as retail stores, bus terminal, gasoline service station, helicopter landing area, or any other commercial use, when in its judgment it is convenient or necessary to conduct or permit such use in order to utilize the property as a parking facility. Any such incidental use shall be secondary to the primary use as a parking facility, and the portion of the land devoted to the incidental use shall not exceed twenty-five percent (25%) of the surface area of the property. If a building is erected on

paragraph of section 23, of which the above quoted language is a part, clearly means that surplus space devoted to commercial purposes other than parking vehicles shall not be operated by the commission or the council but shall be leased to private operators.

We hold that none of plaintiffs' contentions has merit. However, rather than a judgment of dismissal the trial court should have entered its judgment decreeing expressly (as is implied by the order sustaining the general demurrer without leave to amend) that the plaintiffs are not entitled to the declarations in their favor, which they seek. (*Essick* v. *City of Los Angeles*, 34 Cal.2d 614, 624 [213 P.2d 492].) Accordingly, the judgment of the trial court is modified by (1) striking from the first paragraph thereof the words "and having granted defendants' motion to dismiss plaintiffs' complaint for declaratory relief," and (2) striking from the second paragraph thereof the words "the plaintiffs take nothing by their complaint, that the same is dismissed and judgment awarded to defendants," and inserting in lieu thereof the words "ordinance number 2826 as amended by ordinance number 3169 adopted by the Council of the City of Santa Barbara does not violate and is not prohibited by the United States Constitution, the California Constitution or the charter of the City of Santa Barbara; and that the bonds issued pursuant to said resolutions are not null and void and are valid as against the contentions of plaintiffs at issue in this suit."

As so modified, the judgment is affirmed.

Ford, P. J., and Cobey, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 15, 1969.

---

the property for the purpose of parking motor vehicles, the incidental use of the building shall not occupy more than twenty-five percent (25%) of the floor area.

"Neither the commission nor the Council shall manage or operate surplus space devoted to commercial purposes other than parking vehicles, but shall lease such space to private operators."