[Civ. No. 16506. Fourth Dist., Div. One. Dec. 15, 1978.]

MERLE F. PALMER et al., Plaintiffs and Appellants, v.
JOHN AGEE et al., Defendants and Appellants.

■

■

---

COUNSEL

Richard E. Adams for Defendants and Appellants.

Asaro & Keagy and Roscoe D. Keagy for Plaintiffs and Appellants.

---

OPINION

HARELSON, J.*—Defendants are residents of Lake Jennings Mobile Home Park in Lakeside, California. Plaintiffs are the owners (since April 1, 1972) of the park and are landlords of the defendants. All the leases in existence at the time plaintiffs purchased the park were set to expire on March 31, 1973.

Plaintiffs informed defendants on October 26, 1972, that they planned to increase the rent paid by the tenants in order to cover the increased costs of operation. Any increase in rent would not go into effect until the expiration of the leases then in existence.

On December 8, 1972, plaintiffs informed each individual tenant by written letter that effective April 1, 1973, their original lease would expire and that a lease for a period of three or five years could be entered into by the tenants. Said letter also advised each tenant that there would be an increase in each tenant's rent, effective as of April 1, 1973.

On March 30, 1973, the tenants of the park were informed by letter that in the event any of them failed to sign a written lease prepared by the park owners, that they would be allowed to remain in the park on a month-to-month tenancy. Defendants failed to sign the leases provided for them by the park owners; however, they continued to reside in the park, making monthly payments of rent.

Almost 3 years later, on March 1, 1976, plaintiffs notified defendants of an intended increase in rental charges by causing to be

---

*Assigned by the Chairperson of the Judicial Counsel.

■

served on each individual tenant a letter which stated that at the expiration of 30 days their respective rental payments would be increased and that certain utility payments would be charged to them on a monthly basis.

Defendants refused to make such payments as requested and continued in possession of their respective lots from April 1, 1976, through September 1, 1976.

On September 25, 1976, plaintiffs caused to be served on each defendant a written notice stating the amount of rent and utility charges due. Said notice gave each tenant the option to pay the amount due or deliver possession of the premises within three days after service of the notice. Defendants continued in possession and refused to pay the amounts due.

On October 6, 1976, plaintiffs filed their complaint for unlawful detainer.

The case came to trial on December 6, 1976. The court granted the motion for judgment on the pleadings made by the defendants. The court held that plaintiffs had failed to comply with Civil Code section 789.5 which provides for a 60-day written notice prior to termination of a tenancy in a mobile home park. Defendants' motion for attorneys' fees pursuant to Civil Code section 789.12 was denied.

Defendants appeal from the denial of their motion for attorneys' fees. Plaintiffs cross-appeal from the judgment on the pleadings.

The questions presented are:

1. *Do the summary proceedings for obtaining possession of real property contained in the Code of Civil Procedure (§ 1161 et seq.) apply to mobile home tenants?*

2. *Are the defendants entitled to attorneys' fees by virtue of Civil Code section 789.12 and/or on appeal?*

 The first question involves construction of Civil Code section 789.5 first enacted in 1969, which provides in part:

"(a) No tenancy or other estate at will or lease, however created on or

after the effective date of this section, in a mobilehome park may be terminated except upon the landlord's giving notice in writing to the tenant, in the manner prescribed by Section 1162 of the Code of Civil Procedure, to remove from the premises within a period of not less than 60 days, to be specified in the notice. No lease shall contain any provision by which the tenant waives his rights under this section or under Sections 789.6 to 789.11, inclusive, and any such waiver shall be deemed contrary to public policy and shall be unenforceable and void. . . .

". . . . . . . . . . . . . . . . . . . .

"(c) This section shall not affect any rights or proceedings set forth in Chapter 4 (commencing with Section 1159) of Title 3 of Part 3 of the Code of Civil Procedure *except as hereinafter provided.*

"(d) After the effective date of this subdivision, a tenancy shall be terminated pursuant to this section only for one or more of the following reasons: . . .

". . . . . . . . . . . . . . . . . . . .

"(4) Nonpayment of rent, utility charges, or reasonable incidental service charges." (Italics added.)

Civil Code section 789.4 codifies the legislative purpose and intent of section 789.5 et seq.: "The Legislature finds and declares that, because of the high cost of moving mobilehomes, the potential for damage resulting therefrom, the requirements relating to the installation of mobile homes, and the cost of landscaping or lot preparation, it is necessary that the owners of mobilehomes required to be moved under permit upon the highways occupied within mobilehome parks be provided with the unique protection from actual or constructive eviction afforded by Sections 789.5 to 789.11 inclusive."

Code of Civil Procedure section 1161 provides in part:

"A tenant of real property . . . is guilty of unlawful detainer:

". . . . . . . . . . . . . . . . . . . .

"2. When he continues in possession . . . without the permission of his landlord . . . after default in the payment of rent . . . and three days

notice, in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him . . . ."

Plaintiffs argue that the 60-day notice provision for termination of a mobile home tenancy contained in Civil Code section 789.5 merely replaces the traditional 30-day notice provision contained in Civil Code sections 789 and 1946. They further argue that the three-day notice procedure in Code of Civil Procedure section 1161 is separate and distinct from the provisions of Civil Code section 789.5, thus, a landlord may select and choose which of the two remedies he desires to utilize when faced with a tenant who is in default in payment of rent.

Defendants contend that mobilehome landlords must give a 60-day notice prior to filing an unlawful detainer action for nonpayment of rent. They assert that the California Legislature determined that the three-day notice procedure ordinarily used in Code of Civil Procedure section 1161 was, in fact, affected, changed and modified by Civil Code section 789.5.

■ The following rules on statutory construction provide helpful guidelines: "It has long been the rule in this State that statutes relating to the same subject matter are to be construed together and harmonized if possible." (*County of Placer* v. *Aetna Cas. etc. Co.* 50 Cal.2d 182, 189 [323 P.2d 753].) ■ In other words, ". . . it is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration *or by necessary implication.*" (*County of Los Angeles* v. *Frisbie,* 19 Cal.2d 634, 644 [122 P.2d 526].) (Italics added.)

However, where two statutes are irreconcilable and such necessary implication exists, a later specific statute will control over an earlier general statute covering the same situation. (*Rogers* v. *County Bank of Santa Cruz,* 254 Cal.App.2d 224, 227 [61 Cal.Rptr. 879].) In such cases a ". . . general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." (*County of Placer, supra,* 50 Cal.2d at p. 189.) ■ It is presumed that the Legislature is aware of existing laws when enacting new legislation. (*Kadota* v. *City and County of S. F.,* 166 Cal.App.2d 194, 195 [333 P.2d 75]; *Modesto Irr. Dist.* v. *City of Modesto,* 210 Cal.App.2d 652, 656 [27 Cal.Rptr. 90]; 45 Cal.Jur.2d, Statutes, § 101, p. 615.)

■ The most important consideration in construction of statutes is giving effect to the legislative intent behind them. Therefore, a construction that will promote legislative intent, purpose and policy will override a construction that would defeat it. (45 Cal.Jur.2d, Statutes, § 126, pp. 634-635.)

■ First of all, in enacting Civil Code section 789.5 et seq., it is apparent that the Legislature intended to make it very clear that mobile home tenancies are different from the ordinary tenancy and that landlord-tenant relations involving mobile homes are to be treated differently for the specific reasons codified in Civil Code section 789.4, *supra*.[1] ■ Statements of legislative committees pertaining to purpose of legislation may be considered by the court and are presumed to express the legislative intent of statutes as enacted. (*Maben* v. *Superior Court*, 255 Cal.App.2d 708, 712-713 [63 Cal.Rptr. 439].) Therefore, the express codification of legislative purpose, as in Civil Code section 789.4, must be given special consideration in construing Civil Code section 789.5.

■ The effect of Civil Code section 789.5 is a big restriction on the termination rights of mobile home landlords. Not only is termination now contingent on a 60-day notice, but in addition a landlord can only terminate a tenancy for the reasons specified by Civil Code section 789.5, subdivision (d), one of which is nonpayment of rent.

Therefore, plaintiffs' contention that Civil Code section 789.5 merely replaces the 30-day requirement of Civil Code section 1946 and has no effect on the unlawful detainer provisions of the Code of Civil Procedure—for which they cite three references which supposedly "establish" this fact—is incorrect. These references[2] base their opinion on Civil Code section 789.5, subdivision (c), *supra,* which in essence states that Code of Civil Procedure unlawful detainer provisions are not affected by section 789.5 *"except as hereinafter provided"* (italics added). However, the first two of these references were written prior to the 1975 amendment to section 789.5, subdivision (c) which added the above exception. The third reference, by Biel, simply makes a conclusionary statement that the

---

[1]Further enlightenment concerning the necessity for a special scheme for mobile home landlord-tenant relations is provided by Vernon, *Mobilehomes: Present Regulation and Needed Reform* (1974-1975) 27 Stan. L. Rev. 159.

[2]Landlord cites: Review of Selected 1969 Code Legislation (Cont.Ed.Bar 1969) pages 17-18 Goddard, California Landlord and Tenant Procedure (5th ed. 1973) page 113; 13 Biel & Seneker, California Real Estate Law and Practice (rev. ed. 1978) §§ 472.66(2), 472.66(4).

unlawful detainer provisions are still unaffected even after the amendment. This reference gives absolutely no explanation for the conclusion and is not persuasive.

Independent research reveals one other work that agrees with plaintiffs.[3] However, the author admits that the proof his view is not universally accepted is the fact that he is appealing a municipal court decision which interpreted these statutes the same way the trial court did in our case.

Plaintiffs concede that the exception language of section 789.5, subdivision (c) has some effect on an unlawful detainer action when faced with situations under sections 789.5, subdivision (e), 789.7, or 789.7, subdivisions (a), (b) or (c). However, plaintiffs give no good explanation why section 789.5, subdivision (c) does not have some effect on an unlawful detainer action when faced with the present situation under section 789.5, subdivision (d), which also follows it (as defendants contend). Plaintiffs explain only that the nonpayment of rent is one of the reasons which must exist before the 60-day notice can be given. Indeed, it is a reason. In essence, Civil Code section 789.5, subdivisions (a), (c) and (d)(4), *supra,* say that a mobile home tenancy can be terminated for nonpayment of rent, *and if* nonpayment of rent is the reason for terminating, 60 days notice *must* be given.

Plaintiffs' argument that the unlawful detainer procedure is not a "termination" within the meaning of Civil Code section 789.5, subdivision (a) since tenants can cure their default within three days as an alternative to termination is without merit. Unlike Code of Civil Procedure section 1161, Civil Code section 789.5 does not give the tenant an option to pay up or get out. Neither does Civil Code section 1946. Even so it would appear that the landlord, if he so chose, could still set aside the 60-day notice upon the payment of the rent. If the landlord did not so choose the tenant still has the required 60 days to find a new location. The potential damages that a mobile home tenant might sustain if unable to cure a rent default within three days appears to be what the Legislature had in mind in enacting Civil Code sections 789.4 and 789.5.

Civil Code section 789.5, subdivision (d) is one of the exceptions provided by section 789.5, subdivision (c) to the summary proceedings outlined in the Code of Civil Procedure. We do not agree with plaintiffs'

---

[3]Dicker, Summary, California Landlord Tenant Law (2d ed. 1978) pages 114-124.

contention that they may select and choose which remedy—(a 3-day notice or a 60-day notice)—they desire to utilize when faced with a tenant who is in default in payment of rent. This suggested "election of remedies" would, in our opinion, defeat the entire purpose and intent of the Legislature in enacting Civil Code section 789.5 et seq. It is not possible to harmonize Civil Code section 789.5 et seq. and the summary proceedings outlined in the Code of Civil Procedure so as to effectuate both in mobile home situations. The two proceedings are irreconcilable. It follows that Civil Code section 789.5 being a special statute controls the general provisions outlined in the Code of Civil Procedure discussed herein. (*County of Placer* v. *Aetna Cas. etc. Co., supra,* 50 Cal.2d 182, and *Rogers* v. *County Bank of Santa Cruz, supra,* 254 Cal.App.2d 224.)

■ We conclude that the 60-day notice provision of Civil Code section 789.5 was intended by the Legislature to exclusively apply to proceedings for termination of mobile home tenancies for nonpayment of rent. The summary proceedings for obtaining possession of real property outlined in the Code of Civil Procedure are not applicable for termination of mobile home tenancies.

The second issue pertains to defendants' motion for attorneys' fees under Civil Code section 789.12: "In any action arising out of Sections 789.5 to 789.11, inclusive, the prevailing party shall be entitled to reasonable attorney's fees and costs. A party shall be deemed a prevailing party for purposes of recovering attorney fees and costs under this section where the litigation is dismissed in the person's favor prior to or during the trial, unless, in settlement or compromise, the parties otherwise agree."

The trial court denied the motion holding that the action did not *arise* out of section 789.5, but arose out of an unlawful detainer action, and that it *died* for failure of the plaintiff to comply with section 789.5.

Webster's Third New International Dictionary, Unabridged, defines "arise" as "to originate from a specified source" or to come into being.

Code of Civil Procedure section 22 defines action as follows: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

It can be argued that an action originates from sections 789.5 through 789.11 only when plaintiffs' cause of action asserts some right or remedy thereunder. However, if one accepted this argument, no landlord's complaint for unlawful detainer would ever allege these sections—unless he was sure he had complied so that he could avail himself of the benefits of section 789.12. The ultimate result would be that the only way a tenant could obtain the benefits of section 789.12 when the landlord was at fault would be a complaint seeking to restrain the landlord's action for unlawful detainer, pleading the foregoing sections and getting to the courthouse first. This interpretation does not afford mutual benefits, let alone protection of the tenant which was the intent and purpose of the Legislature (§ 789.4, *supra*).

■ An action is not limited to the complaint or the document initiating the action but the entire judicial proceeding. Black's Law Dictionary states (at p. 49) the terms "action" and "suit" are now nearly synonymous (3 Bl.Comm. 3, 116) or if there is a distinction, it is that the term "action" is generally confined to proceedings in a court of law, while "suit" is equally applied to prosecutions at law or equity. A further distinction, it points out, is that an action was considered terminating with the granting of judgment, the execution forming no part of it, while "suit" includes the execution. Although an "action" is sometimes used to denote the suit in which the action is enforced, " '[a]n action is nothing else than the right or power of prosecuting in a judicial proceeding what is owed to one'—which is but to say, an obligation. . . . The action therefore springs from the obligation, and hence the 'cause of action' is simply the obligation." (*Frost* v. *Witter,* 132 Cal. 421, 426 [64 P. 705].)

An "action" thus includes all proceedings, at least to the time of judgment, which are required to perfect the rights. The defenses raised in the answer to the complaint are a real part of any action. ■ In this action the tenants raised as a defense the fact the landlord had not complied with section 789.5 and they prevailed in that contention. The defense in this action did arise from section 789.5 and the tenants should have the attorneys' fees provided in section 789.12.

Defendants also request attorneys' fees on appeal. They assert that where parties enter into a contract that provides that should suit be brought the prevailing party shall recover attorneys' fees incurred as the result of litigation over terms of the contract, and an appeal is taken from the decision of the trial court the prevailing party is entitled to attorneys' fees on appeal. (*Rabinowitch* v. *Cal. Western Gas Co.,* 257 Cal.App.2d

150, 160 [65 Cal.Rptr. 1].) They then contend that the rule should be the same where the statute (§ 789.12) in effect creates a contract in which a grant of attorneys' fees is provided for the prevailing party. We agree.

The judgment is reversed as to attorneys' fees and remanded to the trial court for determination of attorneys' fees at trial and on this appeal. In all other respects the judgment is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.