[Civ. No. 49608. First Dist., Div. One. Mar. 19, 1982.]

MATTIE FLEMING et al., Plaintiffs and Appellants, v.
J. RUSSELL KENT, as Superintendent, etc., et al., Defendants and
Respondents.

COUNSEL

McCutchen, Doyle, Brown & Enersen, John W. Fowler and Philip R. Rotner for Plaintiffs and Appellants.

Keith C. Sorenson, District Attorney, Lillian Lee Port, Assistant District Attorney, George Deukmejian, Attorney General, Winifred Younge-Smith, Deputy Attorney General, Michael J. Brady, Mark G. Bonino and Ropers, Majeski, Kohn, Bentley, Wagner & Kane for Defendants and Respondents.

OPINION

**RACANELLI, P. J.**—On appeal from a judgment of dismissal entered upon an order granting summary judgment, we consider the question of whether the one-year statute of limitations contained in section 4026 of the Education Code (to which all section references apply unless other-

wise indicated) governs the commencement of suit raising constitutional challenges to the validity of a change in the boundaries of an elementary school district.[1] We conclude for the reasons which follow that the underlying action was timely filed in compliance with section 4026 but that prosecution of the third cause of action is otherwise barred by an independent validating statute. Accordingly, we reverse the judgment and remand for further proceedings.

The record before us discloses the following: On December 29, 1976, following a district-wide election approving the change in school district boundaries resulting in the transfer of the Menlo Oaks subdivision from the Ravenswood City Elementary School District to the Menlo Park Elementary School District,[2] the San Mateo County Board of Education entered an order establishing the change of boundaries of the districts. (See §§ 4025, 1043.) On July 8, 1977, appellants (the Ravenswood City Elementary School District, certain named students and their parents) filed an amended complaint[3] challenging the validity of the transfer of Menlo Oaks, a predominantly white residential area possessing a favorable tax equalization basis, from the predominantly black and poor school district on the grounds that the transfer constituted an invidious discrimination based upon wealth and race. The complaint further alleged that the transfer failed to comply with statutory procedural requirements. In support of their motion for summary judgment, respondents successfully argued that plaintiffs' suit was barred under the six-month period of section 349.1 of the Code of Civil Procedure.[4]

[1]Section 4026 (renumbered § 35766 by Stats. 1980, ch. 1192, § 3) provides: "After the expiration of one year from the date of the order, the order shall be conclusive evidence that the school district or community college district has been legally organized, or the boundaries legally changed, as the case may be, and no suit shall be maintained which questions the validity of the organization or change of boundaries."

[2]See generally section 35700 et seq., formerly numbered section 4020 et seq.

[3]The original complaint, filed June 30, 1977, did not include the Ravenswood district as a party plaintiff or the various state agencies as party defendants. However, whichever date is considered as the actual date of commencement of suit is immaterial to our discussion.

[4]Code of Civil Procedure section 349.1 provides in relevant part: "The validity of any acts or proceedings taken under color of law for the formation, organization, incorporation, dissolution, consolidation, change of organization or reorganization of, or for any change in the territorial boundaries of, any city, county, city and county, special district, public corporation or other public entity, or improvement district within any of the foregoing, shall not be contested in any action unless such action shall have been brought within six months from the date of completion of said acts or proceedings. Unless an action is commenced within said period all said acts or proceedings shall be held valid and in every respect legal and incontestable. [¶] This section shall not amend or repeal any existing statute prescribing a shorter period of limitation than that specified herein."

The principal question on appeal is whether the six-month or one-year statutory period applies.

## I.

■ It is an axiom of statutory construction that a particular or specific provision will take precedence over a conflicting general provision. (Code Civ. Proc., § 1859; *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 420 [128 Cal.Rptr. 183, 546 P.2d 687], app. dism. 429 U.S. 802 [50 L.Ed.2d 63, 97 S.Ct. 33, 34]; *Kennedy* v. *City of Ukiah* (1977) 69 Cal.App.3d 545, 552 [138 Cal.Rptr. 207]; see 58 Cal.Jur.3d, Statutes, § 109, p. 488-491.) Under the provisions of Code of Civil Procedure section 349.1, a school district arguably falls within the general classification of "other public entity." In contrast, section 4026 is by its terms expressly and specifically applicable to school (and community college) districts.[5]

It is an equally established principle of statutory construction that a more recent statute will govern and take precedence over an earlier provision. (*Palmer* v. *Agee* (1978) 87 Cal.App.3d 377, 383 [150 Cal.Rptr. 841]; see 58 Cal.Jur.3d, Statutes, § 91, pp. 445-446.) While both parties contend that the respective statute relied upon is the more recent (respondents theorize that the later enacted § 4026 merely incorporated the substance of the earlier codification), in the final analysis the crucial determinant in statutory construction focuses upon legislative intent. (*Palmer* v. *Agee, supra,* 87 Cal.App.3d 377, 384.)

---

[5]The legislative history of the competing statutes is instructive. Upon the adoption of the Education Code in 1943, a one-year period was established for the conclusive validity of the formation of a high school district (former § 3405) and the organization or boundary change of an elementary school district (former § 2536). In providing for the annexation of elementary school districts to existing high school districts, the Legislature in 1955, enacted section 3421 (renumbered § 2232 by Stats. 1959, ch. 2, p. 701) which similarly established a one-year period for the conclusive validity of the organization or boundaries of a high school district or unified school district. In 1963, the several statutes relating to school districts' formation and reorganization were repealed and replaced by a single statute establishing a one-year conclusive period for all school districts in general (§ 1648 added by Stats. 1963, ch. 629, p. 1568). Upon enactment of the 1976 Education Code, former section 1648 was renumbered section 4026 and revised to include community college districts. (Stats. 1976, ch. 1010, § 2, operative Apr. 30, 1977.)

Code of Civil Procedure section 349.1, enacted in 1957, although subsequently amended in minor particulars in 1959 and 1965, remains substantially in the same form as originally enacted.

The rule establishing precedence of the more recent enactment is based upon a presumption that the Legislature intended a change in the law when it enacted the new provision (see 58 Cal.Jur.3d, *op. cit., supra,* at pp. 445-446), a presumption strongly fortified when the more recent enactment is also the more specific. (*Palmer* v. *Agee, supra,* 87 Cal.App.3d 377.) Moreover, a special statute constitutes an exception to the general statute and governs whether enacted before or after such general statute. (See *Warne* v. *Harkness* (1963) 60 Cal.2d 579, 588 [35 Cal.Rptr. 601, 387 P.2d 377]; see also *Agricultural Labor Relations Bd.* v. *Superior Court, supra,* 16 Cal.3d 392, at p. 420.) ▉ Since Code of Civil Procedure section 349.1 provides a shorter limitations period relating to the validity of boundary changes of cities, counties and other public entities in general, it is unreasonable to conclude that the Legislature thereby intended either to repeal by implication or to modify the longer period exclusively provided for school district boundary challenges under the specific provisions of section 4026. Accordingly, we hold that section 4026 is the appropriate statute of limitations to be applied.

## II.

▉ We next consider respondents' additional contention that, in any event, the action is barred by the 1976 validation statute. (Stats. 1976, ch. 725, p. 1745, Third Validating Act, eff. Jan. 1, 1977.) Under the provision of sections 3 and 4 of the act, which is expressly applicable to school districts, the boundaries of public bodies are declared validated and legally established. The legislative power to cure alleged procedural defects through such validating legislation has long been recognized. (See, e.g., *Wood* v. *County of Calaveras* (1912) 164 Cal. 398, 405 [129 P. 283] [formation of school district]; *Board of Education* v. *Hyatt* (1907) 152 Cal. 515, 519-520 [93 P. 117] [establishment of evening high school]; *DeJong* v. *Pasadena Unified School Dist.* (1968) 264 Cal.App.2d 877, 884 [70 Cal.Rptr. 913] [procedural irregularities in school bond election]; see generally 13 Cal.Jur.3d, Constitutional Law, § 272, pp. 508-509.) But defects which are jurisdictional in nature or which result in violations of constitutional rights cannot be rectified by similar validating enactments (*People* v. *Van Nuys Lighting District* (1916) 173 Cal. 792, 797-799 [162 P. 97] [formation of local taxing district without hearing could not be validated]; *Chase* v. *Trout* (1905) 146 Cal. 350, 356-359 [80 P. 81]; *Saunders* v. *Carr* (1968) 268 Cal. App.2d 10, 15 [74 Cal.Rptr. 147] [tax levy without notice incurable]; see 13 Cal.Jur.3d, Constitutional Law, § 273, pp. 509-511].) The text of

the Third Validating Act of 1976 expressly acknowledges this limitation in the following language: "The foregoing provisions of this act shall be limited to the validation of acts and proceedings to the extent to which the same can be effectuated under the State and Federal Constitutions." (Stats. 1976, ch. 725, § 6, subd. (b), p. 1749.) Thus, while the third cause of action alleging procedural irregularities may be barred by reason of the validating statute, the remaining causes of action challenging the transfer order on constitutional grounds are unaffected subject only to the one-year limitation provided under section 4026.[6] Since suit was timely filed as to those causes of action, the order granting summary judgment was erroneous.

In view of our determination, it becomes unnecessary to reach the remaining issues raised on appeal.

Judgment reversed and remanded for further proceedings consistent with the views expressed herein.

Newsom, J., and Martin, J.,* concurred.

---

[6]Respondents suggest that appellants' constitutional challenges may be moot by virtue of the tax rate equalization mandated by *Serrano* v. *Priest* (1976) 18 Cal.3d 728 [135 Cal.Rptr. 345, 557 P.2d 929], cert. den. 432 U.S. 907 [53 L.Ed.2d 1079, 97 S.Ct. 2951], compulsory state financing of schools under Proposition 13, and changes in the district's racial composition. Since the question of mootness was neither adequately briefed nor seriously argued, we decline to address it. Of course, respondents may raise that issue, as well as other affirmative defenses, in any further proceedings below.

*Assigned by the Chairperson of the Judicial Council.